UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | Criminal No.   05-381 (JR) |
| v. | : | |
| | : | |
| **SHAWN YARDE,** | : | |
| | : | |
| Defendant. | : | |

**GOVERNMENT'S NOTICE OF INTENTION AND MOTION TO ADMIT
EVIDENCE OF DEFENDANT'S PRIOR CONVICTIONS PURSUANT
TO FEDERAL RULE OF EVIDENCE  609**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully notifies defendant and the Court of its intent to impeach defendant, should he choose to testify, with prior convictions pursuant to Fed. R. Evid. 609, and hereby moves the Court to admit such evidence of prior convictions.  In support of its motion, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this motion:

**I. Background.**

1. The defendant is charged in a four count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, in violation of 18 U.S.C. § 922(g)(1), Unlawful Possession with Intent to Distribute 50 Gram or More of Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii), Unlawful Possession with Intent to Distribute 500 Grams or More of Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(b)(ii), and Using, Carrying and Possessing a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1).  Defendant has been previously convicted of the following offenses:

  a. the felony offense of Unlawful Possession With Intent to Distribute Cocaine, in the Circuit Court for Prince George's County, Maryland, case CT942106B, on May 31, 1995. Pursuant to a plea agreement the defendant plead guilty to the aforementioned offense, and received a sentence of imprisonment of three years, with two years and nine months suspended and three years of probation; and

  b. the felony offense of Use of a Handgun During the Commission of a Crime of Violence, in the Circuit Court for Anne Arundel County, Maryland, case 0A00022491, on December 19, 1996. The defendant was sentenced to five years of imprisonment execution of which was suspended, and two years of probation.

Should defendant choose to testify, the government seeks to use these convictions to impeach him pursuant to Fed. R. Evid. 609(a)(1).

**II. Fed. R. Evid. 609(a)(1).**

2. "[E]vidence that an accused has been convicted" of a crime punishable by more than one years' imprisonment may be used to impeach him if the probative value outweighs the prejudicial effect. Fed. R. Evid. 609(a)(1). The aforementioned offenses for which the defendant has been convicted were all punishable by more than one year of imprisonment. Each conviction and/or sentence was entered or completed within the last ten years. This Court should permit the use of these convictions to impeach the defendant because the probative value outweighs any prejudicial effect. United States v. Lipscomb, 702 F.2d 1049 (D.C. Cir. 1983) (en banc).

3. In Lipscomb, the Court of Appeals held that "all felony convictions have some probative value on the issue of credibility." Id. at 1062. The charges in this case arose from officers discovering cocaine and a handgun concealed inside of the vehicle that the defendant was driving

at the time of his arrest. Furthermore, this vehicle is not registered in the defendant's name. Accordingly, should he choose to testify, the defendant's credibility concerning whether he knew that the narcotics and gun were inside the vehicle will be a central issue. The probative value of the convictions, therefore, is quite high. Moreover, his prior convictions for narcotics trafficking offenses are especially probative in that they are deliberate, planned offenses which evidence a conscious disrespect for the law, and consequently for the oath and judicial proceedings over an extended period of time.

With respect to the prejudice prong, the Court of Appeals has recognized that, while all impeachments with a prior conviction involve some prejudice, the operative question is "how much?". Id. Here, the prejudicial effect of using these convictions for impeachment is outweighed by its probative value:

> While it is true in a narcotics prosecution that a prior narcotics conviction carries more prejudice, it is also true that evidence of such conviction carries more probative value and is more necessary when the accused testified that he is not knowledgeable in drug transactions and his testimony on that point directly contradicts that of his accuser.

United States v. Lewis, 626 F.2d 940, 951 (D.C. Cir. 1980). The instant case presents the same issues addressed by Lewis. The evidence of the defendant's prior convictions for possession with intent to distribute cocaine and use of a handgun during a crime of violence carry greater probative value and are more necessary where the defendant may testify that he had no knowledge of the drugs or gun recovered from inside the vehicle. In Lewis, the court also noted that "it is of prime importance that the jury be given as much help in determining credibility as the Rules of Evidence permit. . . . It is unfair and misleading to a jury, when credibility is an issue, to refuse to admit relevant evidence that is directly probative on that issue." Id. at 950. The defendant's convictions

are certainly probative on the defendant's credibility. Furthermore, the defendant's multiple convictions establish him as a repeat offender, which "enhances the probativeness" of his prior convictions, because it demonstrates that the defendant's conduct is not an "isolated criminal episode . . . from which he has been rehabilitated." Lipscomb at 1071.

**III. Fed. R. Evid. 609(b).**

   4. Fed. R. Evid. 609(b) places a temporal restriction on the use of convictions for impeachment purposes: "Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the conviction or of the release of the witness from the confinement imposed for that conviction, whichever is the later date . . ." Here, both of the defendant's convictions and sentences were either entered or completed within the last ten years. Thus, the convictions may properly be used for impeachment.

  WHEREFORE, the government respectfully notifies defendant and the Court of its intent to use defendant's prior convictions for impeachment purposes, and hereby moves the Court to admit such evidence of prior convictions.

            Respectfully submitted,

            KENNETH L. WAINSTEIN
            UNITED STATES ATTORNEY
            BAR NO. 451058


            _____
            STEVEN B. WASSERMAN
            ASSISTANT UNITED STATES ATTORNEY
            D.C. BAR NO. 453-251
            FEDERAL MAJOR CRIMES SECTION
            (202) 307-0031

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing Government's Notice of Intention and Motion to Admit Evidence of Defendant's Prior Convictions Pursuant to Federal Rule of Evidence 609 is to be served upon counsel for the defendant, Bernard Grimm, Esquire, this 13th day of January, 2006.

                                                  STEVEN B. WASSERMAN
                                                ASSISTANT UNITED STATES ATTORNEY