UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Crim. No. 05-CR-381** |
| v. | : | (JR) |
| | : | |
| **SHAWN YARDE** | : | |

## **SUPPLEMENTAL OBJECTIONS TO PRE-SENTENCE REPORT**[1]

Mr. Yarde, through counsel, respectfully moves this Court to supplement his Objection to the Pre-sentence Report.

As grounds for this motion, counsel would state the following:

1. Page 8, Paragraph 31, Mr. Yarde disagrees with the facts set forth underlying his conviction in 1996. Mr. Yarde maintains that he never threatened to kill the complainant or specifically placed a gun to his head. More importantly, he never assaulted the victim by beating him. Mr. Yarde and the complainant met and argued over money the complainant had stolen from Mr. Yarde. Mr. Yarde told the complainant he would take his car as collateral. Had Mr. Yarde placed a gun to the victim's head, physically assaulted him and destroyed his car he never would have been given a plea to Nolo Contendere to receive a sentence of Probation.

Mr. Yarde's adjusted base offense level is 34 because of 2 prior convictions one being over 10 years old, Mr. Yarde is a career offender. His guidelines are therefore **262-327** months or 22 years 3 months to 27 years 3 months. The high end of Mr. Yardes guidelines is 33 months less than the low end of the Superior Court Guidelines for First Degree Murder While Armed, which carries 360-720 months, (Superior Court Guideline Chart Attached as Exhibit A).

---

[1] Counsel is late filing this motion because he was unable to locate Mr. Yarde's prior counsel for three weeks.

The approximate midrange of Mr. Yarde's guidelines, 288 months is the high end of a conviction in Superior Court for the District of Columbia for 2nd Degree Murder While Armed.

Counsel submits that this is a classic case for why the Court should sentence Mr. Yarde well below the present guideline range of 262 to 327 month. Mr. Yarde is 31 years old. Even assuming the Court sentenced Mr. Yarde to the low end of the guidelines he would not be released until he is 50, with good time.

Counsel has, under a separate cover submitted a substantive argument as to why the Court should sentence Mr. Yarde to a sentence less than 263 to 327 months. Specifically, if the Court does not count the 1994 conviction Mr. Yarde would not be a career offender. His criminal history score totaling 5 points would place him at, 34, Criminal History Category III, 188 to 235 months.

WHEREFORE, for the foregoing reasons and for such other reasons that may appear to the Court, counsel respectfully request that this Court sentence Mr. Yarde below the present guidelines range of 262 to 327 months.

Respectfully submitted,

_____/s/_____
BERNARD S. GRIMM
503 D Street, N.W.
Suite 250
Washington, DC 20001
(202) 371-0300