UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| v. | : | Criminal Case No. 05-381 (JR) |
| | : | |
| **SHAWN YARDE,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION
FOR CONTINUANCE OF SENTENCING DATE**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to defendant's request for a continuance of the sentencing date. As grounds for this request, the United States represents that:

1. The parties were present before the Court on June 5, 2006 for sentencing when the Court instructed the government to investigate the circumstances of the defendant's 1996 conviction in Anne Arundel County, Maryland for Reckless Endangerment. The government has obtained the tape recording of the plea hearing from the 1996 case, and is prepared to inform the Court as to its contents. Defense counsel advised the undersigned that he had obtained a copy of the transcript of the 1996 plea hearing and is therefore aware of the facts surrounding the defendant's plea of guilty.

2. In his motion for a continuance, defense counsel, quite disingenuously, asserts that the undersigned violated the terms of the plea agreement by "arguing" the enhancement for the defendant's possession of a firearm in the instant case. Defense counsel's claim is false and represents a knowing misrepresentation of the terms of the plea agreement and the undersigned counsel's allocution at the June 5th hearing.

3. As defense counsel well knows, there is absolutely no provision in the plea agreement which precludes the government from addressing the issue that the defendant possessed a firearm in the instant case. Furthermore, the fact of the defendant's possession of the firearms was included in the factual proffer recited at the plea hearing, and neither defense counsel nor the defendant lodged any objections. The defendant's base offense level was not increased as a result of his possession of the firearm, because of his status as a career offender. In fact, undersigned counsel addressed this very issue in the government's sentencing memorandum filed on April 19, 2006. Defense counsel's request for a continuance and claim of a violation of the plea agreement represents nothing more than an attempt to lay the ground work for an eventual request to withdraw the defendant's guilty plea. As is evidenced by the plea agreement and the plea colloquy, there is no basis upon which to grant a withdrawal of the plea.

4. The government objects to what it believes is defense counsel's knowing misrepresentation of the plea agreement and negotiations leading up to the plea agreement, and asserts that the defendant's request for a continuance is merely calculated to delay the sentencing in order to build a record to support an eventual motion to withdraw the defendant's guilty plea.

WHEREFORE, the United States respectfully requests that the defendant's motion for a continuance be denied.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
BAR NO. 451058

                STEVEN B. WASSERMAN
                ASSISTANT UNITED STATES ATTORNEY
                D.C. BAR NO. 453-251
                FEDERAL MAJOR CRIMES SECTION
                (202) 307-0031

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing Government's Opposition to Defendant's Motion for Continuance of Sentencing Date is to be served upon counsel for the defendant, Bernard Grimm, Esquire, this 29th day of June, 2006

                STEVEN B. WASSERMAN
                ASSISTANT UNITED STATES ATTORNEY