UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Crim. No. 05-CR-381 |
| v. : | (JR) |
| : | |
| SHAWN YARDE : | |

**REPLY TO GOVERNMENT'S MOTION IN OPPOSITION
TO MR. YARDE'S MOTION TO CONTINUE SENTENCING DATE**

Mr. Yarde, through counsel, submits the following reply:

1. Mr. Yarde filed objections to the pre-sentence report on March 27, 2006 maintaining that the two level increase for the Possession of the Firearm was improper and specifically excluded for purposes of the plea (See Page 9, Line 7-10).

2. Neither the government nor probation responded to Mr. Yarde's objections nor did the government respond to counsel's supplemental objections to the pre-sentence report motion filed on May 9, 2006 or counsel's sentencing memorandum wherein counsel advanced several legal and factual arguments as to why Mr. Yarde was not a career offender.

3. The government's sentencing memorandum is the standard post Booker argument. The government's motion fails to address any of the specific legal issues raised in Mr. Yarde's sentencing memorandum filed on May 10, 2006.

4. Mr. Yarde is facing no less than 262 months under the guidelines. Counsel has been able to obtain some records concerning Mr. Yarde's Nolo Contendre Plea to reckless endangerment but not everything.

5. The government, in its opposition, fails to make any argument as to why the sentencing should go forward. Instead they claim that defense counsel's motion to continue

contains "false and knowing misrepresentations of the terms of the agreement." The government's attack on counsel is unprofessional and untrue.

6. Counsel for Yarde stated in his motion that the pre-sentence writer assigned a two level increase for the gun and the government argued it. The government did state to the Court at sentencing that Mr. Yarde possessed a firearm at the time of the offense. That argument supports the gun enhancement it does not defeat it.

7. The government's secondary reason for opposing the Mr. Yarde's Motion to Continue is that the Motion to Continue is "nothing more than an attempt to lay ground work for an eventual request to withdraw the guilty plea." The government's statement is patently incorrect. At this moment, the facts and the law concerning any potential attempt to withdraw the plea either support Mr. Yarde at this juncture or defeat him. The passage of time will not affect that one or another. Of course proceeding with the sentencing at this time will be to the government's advantage since it will be much more difficult for Mr. Yarde to withdraw his plea post sentencing. Counsel advised Mr. Wasserman a courtesy.

8. Counsel has advised Mr. Yarde to not withdraw his plea contrary to the government's statement. With that being said counsel still believes that Mr. Yarde has a colorable claim to withdraw his plea.

9. Counsel is obligated to unearth every fact that is possible concerning Mr. Yarde's plea in Anne Arundel County.

10. Mr. Yarde is in jail. The government advances no reason why a continuance would prejudice the government.

WHEREFORE, for the foregoing reasons and for such other reasons that may appear to the Court, counsel respectfully request that the Motion to Continue be GRANTED.

Respectfully submitted,

_____/s /_____
BERNARD S. GRIMM
503 D Street, N.W., Suite 250
Washington, DC 20001
(202) 371-0300