UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No.   05-381 (JR) |
| v. : | |
| : | |
| SHAWN YARDE, : | |
| : | |
| Defendant. : | |

GOVERNMENT'S MOTION TO RECONSIDER COURT'S
RULING ON DEFENDANT'S DESIGNATION AS CAREER OFFENDER
UNDER THE SENTENCING GUIDELINES

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following Motion to Reconsider Court's Ruling On Defendant's Designation As Career Offender Under the Sentencing Guidelines. In support of this motion, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing regarding this motion.

I.   INTRODUCTION

1.   Pursuant to a plea of guilty entered on January 25, 2006, the defendant plead guilty to a one count superseding information charging him with Conspiracy to Distribute and Possess With Intent to Distribute 5 Kilograms or More of Cocaine and 50 Grams or More of Cocaine Base, also known as crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), (iii), and 846.

2.   The parties were present before the Court on June 5, 2006 for sentencing at which time the Court instructed the government to investigate the circumstances of the defendant's 1996 conviction in Anne Arundel County, Maryland for Reckless Endangerment. On June 29, 2006, the parties appeared before the Court and provided information relating to the plea hearing conducted on December 19, 1996 in the Circuit Court of Anne Arundel County, Maryland, including a

transcript of the hearing. (Attached as Exhibit A). During the hearing on June 29, 2006, defense counsel asserted that the plea hearing transcript demonstrated that the defendant never entered a plea of nolo contendere and never agreed to the statement of facts, thereby making the plea "per se defective." (Exhibit B, Hearing Transcript, June 29, 2006, at p.5, lines 3-10).

3. After reviewing the plea hearing transcript at the bench, the Court declined to invalidate the conviction for Reckless Endangerment, but held that it did not "qualify as a predicate crime for purposes of designating this defendant as a career criminal." Exhibit B at p.6, lines 21-23. The Court based this ruling on the plea hearing transcript, which the Court stated revealed the following: (1) that the defendant was 21 years old at the time of the plea; (2) the defendant stated he did not know how to read and write the English language;[1] (3) there was no discussion during the plea colloquy of the elements of the crime; and (4) there was evidence of confusion by the presiding judge over the differing factual proffers of the parties. Exhibit B at pp.5-6.

4. The government requested a continuance of this proceeding in order to be afforded an opportunity to brief the Court on the issue of whether the defendant qualifies as a career offender under the Guidelines, and the Court rescheduled the sentencing date for July 26, 2006. Based upon the authority cited below, the government believes that the Court erred as a matter of law in ruling that the defendant's 1996 conviction for Reckless Endangerment does not qualify as a predicate offense under USSG § 4B1.1. Accordingly, it is the government's position that the defendant should be designated as a career offender pursuant to the Sentencing Guidelines.

---

[1] The transcript of the plea hearing indicates at page 4, line 10, that when the defendant was asked by the court if he was able to read and write the defendant answered "no." This transcription is erroneous. The undersigned counsel has listened to the tape recording of the plea hearing, and the defendant can clearly be heard to answer "yes" to this question.

**II.   ARGUMENT**

    A.    <u>The defendant's 1996 nolo contendere plea to Reckless Endangerment is constitutionally valid and should be applied as a predicate offense under the career offender provision.</u>

    5.  In order for a plea of guilty to be valid, it must be knowingly and voluntarily undertaken by the accused.  <u>Boykin v. Alabama</u>, 395 U.S. 238, 243 (1969); <u>Coleman v. Burnett</u>, 477 F.2d 1187, 1194 (D.C. Cir. 1973).  Guilty pleas are required to be entered knowingly and voluntarily because several federal constitutional rights are waived when a plea of guilty is entered, including: (1) the privilege against self-incrimination; (2) the right to trial by jury; and (3) the right to confront one's accusers.  <u>Boykin</u>, 395 U.S. at 243.  In federal court, in order to ensure that a guilty plea is entered knowingly and voluntarily, Fed. R. Crim. P. 11(b) sets forth a list of advisements the court is supposed to inform the defendant of prior to accepting a plea of guilty or <u>nolo</u> <u>contendere</u>.  These advisements include: (1) the right to plead not guilty; (2) the right to a jury trial; (3) the right to be represented by counsel; (4) the right to confront adverse witnesses; and (5) the right to be protected from compelled self-incrimination.  However, "to determine the defendant's knowledge and freedom of mind, no 'particular ritual' is required in court . . . ."  <u>United States v. Gallman</u>, 907 F.2d 639, 643 n. 3 (7th Cir. 1990). Rather, only "[a] brief discussion with the defendant regarding the nature of the charges may normally be the simplest and most direct means of ascertaining the state of his knowledge."  <u>Id.</u> at 643, n. 3 (quoting, <u>United States v. Davis</u>, 212 F.2d 264, 267 (7th Cir. 1954).

    It is also well established that "'an unqualified plea of guilty, legitimately obtained and still in force, bars further consideration of all but the most fundamental premises for the conviction.'"  <u>Coleman</u>, 477 F.2d at 1194 (quoting, <u>United States v. Doyle</u>, 348 F.2d 715, 718-19 (2d. Cir. 1965)).  In addition, where the government has introduced records certifying valid predicate convictions, "the

burden rests with the defendant to show that the conviction was unconstitutional." Gallman, 907 F.2d at 643 (holding that prior violent felony convictions upon which the government relied to seek sentencing enhancement pursuant to "Armed Career Criminal" provision must have been constitutionally obtained).

In Gallman, the court reviewed the transcript of the defendant's plea hearing for one of his predicate violent felony convictions in order to evaluate whether the conviction was constitutionally obtained. Id. The court held that although the plea transcript revealed "no discussion of a waiver of specific constitutional rights," the transcript did reveal that Gallman had discussed his case a number of times with his attorney, including possible defenses to the charges, that he was not threatened or forced by anyone to plead guilty, nor was he promised anything by the prosecution, and that he understood that the court could not guarantee him what sentence he would get. Id. The court held the transcript need not "explicitly show that Gallman was intelligently aware of specific constitutional rights and the fact that he was waiving them." Id. Rather, in upholding the guilty plea and conviction as constitutional, the court held that Gallman's intelligent awareness could be "reasonably inferred from the transcript or the custom and practice of the court." Id. at 643-44.

The defendant's plea of nolo contendere on December 19, 1996 was validly entered and satisfies constitutional requirements. The plea hearing transcript makes clear that the defendant knowingly and voluntarily entered his plea and that he was aware of the consequences of pleading nolo contendere. The defendant was asked by the court if he understood that he was pleading no contest to the charge of Reckless Endangerment, to which the defendant responded "yes." (Exhibit A, p. 5, lines 14-17). The defendant then acknowledged that he had discussed the plea bargain with his attorney, and that his attorney had explained the charges against him, and the possible defenses

to those charges. Id. at p. 5-6.[2] The defendant further acknowledged that there had been no force, threats, or promises made to induce him to plead guilty. Id. at p. 6, lines 8-17. The court further advised the defendant that he was waiving the right to a jury trial, and that in order to be convicted of an offense a jury verdict would have to be unanimous. Id. at pp. 6-7. The defendant then explicitly stated on the record that he was willing to go forward with the plea. Id. at p. 8, lines 14-16.[3]

---

[2] Although the Court stated at the June 29, 2006 hearing that the plea colloquy did not include a discussion of the elements of the offense to which the defendant was pleading nolo contendere, the aforementioned case authority makes clear that such an explicit discussion of the elements is not required during the plea hearing.

[3] It matters not that the defendant failed to specifically state on the record that he "pleads nolo contendere," or that he agreed with the State's factual proffer. Based upon the record from the transcript and the authority cited above, it is clear that the defendant knowingly and voluntarily expressed his intent to enter the plea. Defense counsel's claim that the plea is defective because the transcript does not explicitly contain such statements by the defendant merely exalts form over substance. Exhibit B, p.5, lines 3-10.

In addition, a review of Md. Rules, Rule 4-242 (Pleas) establishes that the judge who presided over the plea proceeding followed proper procedure. This rule provides in part:

> **(c) Plea of Guilty.** The court may accept a plea of guilty only after it determines, upon an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that (1) the defendant is pleading voluntarily, with understanding of the nature of the charge and the consequences of the plea; and (2) there is a factual basis for the plea. In addition, before accepting the plea, the court shall comply with section (e) of this Rule. The court may accept the plea of guilty even though the defendant does not admit guilt. Upon refusal to accept a plea of guilty, the court shall enter a plea of not guilty.
>
> **(d) Plea of Nolo Contendere.** A defendant may plead nolo contendere only with the consent of court. The court may require the defendant or counsel to provide information it deems necessary to enable it to determine whether or not it will consent. The court may accept the plea only after it determines, upon an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that the defendant is pleading voluntarily with understanding of the nature of the charge and the consequences of the plea. In addition,

A plea of guilty does not require an "express admission of guilt" in order to be valid, and the accused "'may voluntarily, knowingly and understandably consent to imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting a crime.'" Coleman, 477 F.2d at 1196 (quoting, North Carolina v. Alford, 400 U.S. 25, 37-38 (1970)). In fact, the D.C. Circuit has held that acceptance of a plea of guilty accompanied by facts that imply the defendant's innocence is not necessarily improper. United States v. Washington, 969 F.2d 1073, 1078, n. 2 (D.C. Cir. 1992). The D.C. Circuit has previously held that a trial court may not refuse to accept a guilty plea when presented with a factual basis for the plea simply because the defendant who is willing to enter a plea of guilty is unwilling or unable to accompany his plea with an admission of guilt. United States v. Gaskins, 485 F.2d 1046, 1049 (D.C. Cir. 1973) (holding that it was error for trial court to refuse to accept defendant's Alford plea to lesser charge of Unlawful Entry where defendant admitted to entering victim's residence, but claimed to have done it under coercion). The court in Gaskins pointed out that the rule governing the acceptance of guilty pleas "was intended for the protection of the defendant, and does not require a denial to the defendant of

---

before accepting the plea, the court shall comply with section (e) of this Rule. Following the acceptance of a plea of nolo contendere, the court shall proceed to disposition as on a plea of guilty, but without finding a verdict of guilty. If the court refuses to accept a plea of nolo contendere, it shall call upon the defendant to plead anew.

**(e) Collateral Consequences of a Plea of Guilty or Nolo Contendere.** Before the court accepts a plea of guilty or nolo contendere, the court, the State's Attorney, the attorney for the defendant, or any combination thereof shall advise the defendant (1) that by entering the plea, if the defendant is not a United States citizen, the defendant may face additional consequences of deportation, detention, or ineligibility for citizenship and (2) that the defendant should consult with defense counsel if the defendant is represented and needs additional information concerning the potential consequences of the plea. The omission of advice concerning the collateral consequences of a plea does not itself mandate that the plea be declared invalid.

the opportunity to act in his own best interest, as advised by his trial counsel." Id.

The transcript of the plea hearing also makes clear that a factual basis for the guilty plea was put on the record. Id. at pp. 8-10. The fact that the defendant, through his attorney, placed on the record a somewhat qualified version of the events that led to the charges against the defendant does not vitiate the defendant's plea of nolo contendere. Id. at p. 10. Furthermore, nowhere in the plea transcript is there any claim by the defendant or his attorney that the defendant was innocent of the charge, or that he did not engage in conduct that created a serious risk of death or serious bodily injury.

Based upon the face of the plea hearing transcript and the case authority summarized above, the defendant properly entered a plea of nolo contendere to the charge of Reckless Endangerment, and this conviction has been adequately proven by the government. There is nothing in the plea transcript or other paperwork from the 1996 proceedings to suggest that the defendant has met his burden in establishing that the conviction was unconstitutionally obtained or is otherwise deficient.

    B.    <u>The defendant's conviction for Reckless Endangerment qualifies as a "crime of violence" under the career offender provision USSG § 4B1.1.</u>

6. Pursuant to USSG § 4B1.2(c), a "prior felony conviction" for purposes of the career offender provision includes a plea of nolo contendere. Therefore, under the sentencing guidelines it does not matter whether the defendant affirmatively admitted guilt to the prior felony predicate conviction for it to be counted under the career offender provision. Accordingly, the defendant's present and unsupported claim that he never used violence during the incident which led to his conviction for Reckless Endangerment, nor his attorney's proffer at the time that the plea was entered in 1996, results in disqualifying this conviction as a predicate offense under the career

offender provision.

Furthermore, in determining whether a particular offense qualifies as a "crime of violence" under the career offender provision, courts have consistently declined to examine the actual conduct underlying the prior offense of conviction. United States v. Thomas, 361 F.3d 653, 657 (D.C. Cir. 2003) (holding that the offense of felony escape is a crime of violence under the career offender provision even where conduct underlying conviction for escape was non-violent); United States v. Hill, 131 F.3d 1056, 1062 (D.C. Cir. 1997); United States v. Mathis, 963 F.2d 399, 408 (D.C. Cir. 1992). Rather, the courts have limited the inquiry to the statutory definitions of the offenses of which the defendant has been convicted, or the charging papers, in determining whether the offense includes as an essential element the use, attempted use or threatened use of physical force. Thomas, 361 F.3d at 657; Hill, 131 F.3d at 1062.[4]

In the case of defendant Yarde, he pled nolo contendere to count 10 of the indictment (Exhibit C) which charged Reckless Endangerment pursuant Md. Code Ann., Art. 27 § 120 (1957),[5] which provides:

> (a) A person may not recklessly:
>     (1) engage in conduct that creates a substantial risk of death or serious injury to another.
>
> (b) A person who violates this section is guilty of the misdemeanor of reckless endangerment and on conviction is subject to imprisonment not exceeding five years . . . .

---

[4] The D.C. Circuit has also noted that where a defendant has pled guilty to a lesser included offense of a charge in an indictment, the sentencing court may also examine "other indices -such as a judgment of conviction, plea agreement, or statement by the defendant on the record. Thomas, 361 F.3d at 657, n.7. As stated above, the defendant pled guilty to the offense of Reckless Endangerment, the elements of which substantially conform to the definition of a crime of violence under USSG § 4B1.2(a)(2).

[5] This statute is now cited as Md. Code Ann., Criminal Law § 3-204 (2006).

Accordingly, the defendant's prior conviction for Reckless Endangerment clearly falls within the definition of a crime of violence under USSG § 4B1.2(a)(2), which is defined as "any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that- (2) is burglary of a dwelling, arson, or extortion, involves the use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another."

7. Pursuant to the above-referenced authority, the defendant's prior conviction for Reckless Endangerment qualifies as a "crime of violence" under the Sentencing Guidelines' career offender provision, and the defendant should be classified as a career offender pursuant to USSG § 4B1.1. Accordingly, based upon the defendant's status as a career offender pursuant to § 4B1.1(a) and (b), the base offense level is 37, and the adjusted offense level is 34, which assumes a 3 level reduction for acceptance of responsibility. Based upon a total offense level of 34 and a criminal history category of VI, the Guideline range for imprisonment on the narcotics charges is 262-327 months.

The government acknowledges that the Court has the authority to depart from the applicable guideline range pursuant to United States v. Booker, 125 S. Ct. 738 (2005). However, Booker still requires the court to correctly calculate the defendant's guideline range and consider the guidelines in fashioning an appropriate sentence. Id. at 767 (citing 18 U.S.C.A. §§ 3553(a)(4)&(5) (Supp. 2004)). Booker does not stand for the proposition that the court now has discretion to choose only those Guidelines it desires to apply in calculating the defendant's guideline range.

As stated above, it is the government's position that the defendant falls within the definition of a career offender, and that there is no legal basis to find otherwise. By declining to designate the defendant as a career offender, the defendant's guideline range would change from 262-327 months, to 151-188 months (criminal history II, base offense level of 33). The result is to reduce the

defendant's exposure to incarceration by at least nine years at the low end of the respective guideline ranges, and over 11 years at the high end of those ranges. Given the seriousness of the offenses to which the defendant has plead guilty, as well as his prior criminal history, such a reduction is unwarranted. Where a downward departure is warranted for a defendant designated as a career offender, USSG § 4A1.3(b)(3)(A) specifically provides that such downward departure may not exceed one criminal history category.

### III.     GOVERNMENT'S RECOMMENDATION

8. As stated in the government's sentencing memorandum, it is the government's position that the Sentencing Guideline range of 262-327 months is not only presumptively reasonable, but it is reasonable and appropriate for this defendant based upon the facts of this case and his criminal history. First, the plea agreement in this case resolved criminal conduct committed by the defendant both in the District of Columbia and in Maryland. In the absence of this plea agreement, the defendant would have faced the potential of receiving a lengthy sentence of imprisonment from a conviction in D.C., as well as exposure to a lengthy period of incarceration from a conviction in the District of Maryland, which could have been imposed consecutive to any sentence the defendant received in his D.C. case. Accordingly, the instant plea agreement has essentially combined the defendant's criminal conduct into a single prosecution, thereby significantly reducing the defendant's potential overall period of incarceration. Second, the defendant's criminal history establishes him as a career offender, and includes a conviction for Reckless Endangerment arising from an incident in which the defendant participated in an armed kidnaping where he placed a gun to the head of the victim. In the instant case, the defendant has once again offended while possessing a firearm. In addition, the quantity of cocaine and crack the defendant was involved in distributing in this case is

indicative of an individual entrenched in the business of narcotics trafficking.

9. Therefore, the government is recommending that the Court sentence the defendant at the low end of the Guideline range of 262-327 months. Finally, the government requests that the defendant be placed on supervised release for a period of five years.

Wherefore, the government respectfully requests that the court grant its motion to reconsider its June 29, 2006 ruling, and designate the defendant as a career offender pursuant to the Sentencing Guidelines.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
BAR NO. 451058

_____
STEVEN B. WASSERMAN
ASSISTANT UNITED STATES ATTORNEY
D.C. BAR NO. 453-251
FEDERAL MAJOR CRIMES SECTION
(202) 307-0031

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Government's Motion to Reconsider Court's Ruling On Defendant's Designation As Career Offender Under the Sentencing Guidelines is to be served upon counsel for the defendant, Bernard Grimm, Esquire, this 13th day of July, 2006.

_____
STEVEN B. WASSERMAN
ASSISTANT UNITED STATES ATTORNEY