UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 05-381(JR) |
| v. : | |
| : | |
| SHAWN YARDE : | |

**MOTION FOR A DOWNWARD DEPARTURE PURSUANT TO UNITED STATES SENTENCING GUIDELINES §4A1.3 AND TO AFFIRM THE COURTS RULING ON JUNE 5TH, 2006 REGARDING MR. YARDE'S CAREER OFFENDER STATUS**

Mr. Yarde, by and through undersigned counsel, respectfully requests this Court to reduce his Criminal History Category pursuant to §4A1.3(b).

As grounds for this motion, counsel would state the following:

1. On January 25th, 2006, Mr. Yarde pled guilty to Conspiracy to Distribute and Possess With Intent to Distribute five kilograms or more of cocaine and 50 grams or more of cocaine base in violation of §21 U.S.C. 846 and 841(a)(1) and (b)(1)(A)(iii).[1]

2. The parties were present before the Court on June 5th, 2006, for sentencing at which time the Court instructed both parties to investigate the circumstances of defendant's 1996 conviction in Anne Arundel County, Maryland for Reckless Endangerment. On June 29th, 2006, both parties appeared before the Court and provided the Court with the official transcript of Mr. Yarde's Nolo Contendere plea.

3. The Court at that time, declined to invalidate the conviction for Reckless Endangerment, but held that, "the nolo plea in Maryland in December 1996 does not qualify as a predicate crime for purposes of designating this defendant as a career

---

[1] Counsel previously submitted an argument on, that Mr. Yarde's criminal history was overrepresented. The government never opposed those motions prior to the last sentencing date.

1

criminal."[2]  The court stated that because Mr. Yarde had only a ninth grade education, he did not know how to read and write English, there was no discussion in the plea colloquy of the elements of the crime, and there were differing proffers of the facts by both parties that Mr. Yarde's conviction in Anne Arundel County Maryland did not qualify Mr. Yarde as a career offender.[3]

4.     At this point, Government Counsel requested a continuance of the sentencing because it believed the this Court erred as a matter of law in ruling that Mr. Yarde's 1996 conviction in Anne Arundel County, Maryland does not qualify as a predicate offense under U.S.S.G. §4B1.1.  Counsel for Mr. Yarde submits that the Courts factual finding was correct.

**ARGUMENT**

5.     The reason Mr. Yarde was facing such an extended period of time and is classified as a Career Offender is because of his conviction for Reckless Endangerment in 1996, in which Mr. Yarde pled Nolo Contendere.  The transcript of the Nolo Contendere plea does not reveal enough reliable information about the conviction to actually count it as a conviction and qualify Mr. Yarde as a Career Offender.

6.     Based on the amount of drugs sold, Mr. Yarde's base offense level is 34 (PSI, page 6, Paragraph 20).  However, two levels were added because Mr. Yarde possessed a firearm (PSI, page 6, Paragraph 21), resulting in an adjusted base offense level of 36 (PSI, page 6, Paragraph 25).  Since the defendant has two prior felony convictions of either a crime of violence or a controlled substance offense, the defendant was classified as a Career Offender under U.S.S.G. §4B1.1.  In addition, since the penalty

---

[2] *See* Sentencing Hearing Transcript, June 29th, 2006, page 6-7.
[3] *See* Id.

2

for the instant offense is punishable by a maximum term of Life, the adjusted offense level is 37 (PSI, page 6, Paragraph 26). Mr. Yarde received an adjustment for acceptance of responsibility and as a result the adjusted base offense level was decreased by 3 points, resulting in a total offense level of 34, but automatic criminal history category of VI.

6. Mr. Yarde received 3 criminal history points for two prior convictions. One conviction was in 1994, more than 11 years ago. Mr. Yarde was 19 at the time and pled guilty to Possession with Intent to Distribute Cocaine. For this conviction, Mr. Yarde received 2 criminal history points (PSI, page 7, Paragraph 30). The second criminal history point was for a conviction in 1996, almost 10 years ago. In this offense, Mr. Yarde pled Nolo Contendere for reckless endangerment. Mr. Yarde received 1 criminal history point for this conviction (PSI, page 8, Paragraph 31).[4]

7. Based on the Court's ruling, Mr. Yarde is now a base offense level of 34 with a criminal history category II under the United States Sentencing Guidelines Chapter 5, Part A.[5] This would result in a guideline range of 168 to 210 months, which is still a substantial sentence.

8. The Court should deny the government motion and affirm its ruling for the following reasons:

(A) As evidenced from the transcript the facts surrounding the Nolo Contendere plea are completely contested, unclear, and unreliable.[6] It is unfair to

---

[4] In Maryland, an entry of a plea of Nolo Contendere is not a conviction and the entry of a plea of guilty is a conviction, this is the only material distinction between the two pleas. Otherwise, the effect of the entry of each plea is the same. <u>Fontana v. State</u>, 42 Md. App. 203, 399, A.2d 950, cert. denied, 285 Md. 729 (1979).
[5] PSI, page 9, Paragraph 32.
[6] The Government even admits that there is a contradiction in the state's version of the events and the defendant's version of the events. See Sentencing Hearing Transcript, June 29th, 2006 page 4, lines 20-21. Furthermore, this Court even stated as evident from the plea transcript in Anne Arundel County, Maryland,

conclude as the Government claims in the sentencing hearing transcript on page 5, lines 14-15, that Mr. Yarde, "essentially pled no contest to the factual proffer by the state," and on page 4, paragraph 2, in the Government's motion to reconsider the Court's ruling that Mr. Yarde's, "plea of Nolo Contendere on December 19, 1996 was validly entered," when there is no evidence that at any point in the plea hearing transcript that Mr. Yarde pled Nolo Contendere any factual proffer, which is required by Maryland Rule 4-242. Rule 4-242 states,

> "The court may accept the plea only after it determines, upon an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that the defendant is pleading voluntarily with understanding of the nature of the charge and the consequences of the plea…Following the acceptance of a plea of Nolo Contendere, the court shall proceed to disposition as on a plea of guilty."

Furthermore, the Government claims in its motion that,

> "the transcript of the plea hearing also makes clear that a factual basis for the guilty plea was put on the record…the fact that defendant, through its attorney, placed on the record a somewhat qualified version of the events that led to the charges against the defendant…"

This is a not an accurate representation of what occurred at the plea hearing. As already stated, there is a contradiction of the events that occurred, there was a bench conference to straighten it out, and in fact nothing was even resolved in the presence of Mr. Yarde. There was no clear and reliable version of the facts put forward at the plea hearing that would adequately support a Nolo Contendere plea.[7]  As a result, Mr. Yarde could not

---

that "The judge was even confused by the proffer. There was a bench conference to try and straighten it out. The bench conference, in my reading, didn't straighten anything out." Id. at page 7, lines 16-18.

[7] The Government claims in its motion to Reconsider the Court's Ruling on Defendant's Designation as a Career Offender under the Sentencing Guidelines, on page 7, paragraph one, "Nowhere in the plea transcript is there any claim by the defendant or his attorney that the defendant was innocent of the charge or that he did not engage in conduct that created a serious risk of death or serious bodily injury." This is irrelevant. Because the defendant did not claim this, does not make the Nolo Contendere plea knowing and voluntary and thus properly entered into, as the Government maintains.

4

have made a knowing and voluntary plea when he had no knowledge or understanding of the facts that he was pleading to, the nature of the Nolo Contendere plea, and what constitutional protections he was waiving in choosing to plead this way. The government's position that the plea is valid and voluntary is contrary to the United States Constitution.[8]

    (C)    In addition, Mr. Yarde's plea of Nolo Contendere in 1996 cannot be a valid plea because as the transcript reveals, Mr. Yarde was 21 years of age, had only completed the ninth grade, and was not able to read and write. Given Mr. Yarde's educational background and inability to read and write, as this Court has stated, it is impossible that Mr. Yarde understood the nature of the Nolo Contendere plea.[9] Therefore, the plea was invalid and does not count as a conviction against Mr. Yarde, thus eliminating Mr. Yarde's status as a career offender.

**Mr. Yarde's Criminal History Is Not Underrepresented**

    9.    Mr. Yarde was classified as a Career Offender because of two convictions 10 years ago. Counsel is asking the Court not to consider the 1994 and 1996 convictions in his criminal history category.

    6.    Counsel submits that based on the totality of the facts in this case, Mr. Yarde's criminal history over-represents the criminality of his conduct pursuant to §4A1.3 and his criminal history category should be reduced.

---

[8] *See* Boykin v. Alabama, 395 U.S. 238, 242 (1989)(A guilty plea is valid only if it is voluntary and intelligent under the United States Constitution); U.S. v. McCarthy, 394 U.S. 459, 466 (1969)(If a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void).
[9] Id. at 6-7, line 25, "I don't know how somebody who can't read and write the English language can be expected to understand what Nolo Contendere means."

WHEREFORE for the following reasons and any reasons deemed meritorious by this Court, Counsel requests that this motion be GRANTED.

Respectfully submitted,

_____/s/_____
BERNARD S. GRIMM

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 05-381(JR) |
| v. : | |
| : | |
| SHAWN YARDE : | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR A DOWNWARD DEPARTURE**

I.  **MR. YARDE'S PLEA OF NOLO CONTENDRE WAS NOT A VALID PLEA AND THEREFORE CANNOT BE COUNTED AS A CONVICTION**.

Under the United States Constitution, a guilty plea is valid only if it is "intelligent and voluntary." Boykin v. Alabama, 395 U.S. 238, 242 (1989). For a plea to be voluntary and intelligent,

> "It must be an intentional relinquishment or abandonment of a known right or privilege." Consequently, if a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void." McCarthy v. United States, 394 U.S. 459, 466 (1969)(quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938).

A plea does not meet this standard if the defendant either (1) does not understand the nature of the constitutional protections he is waiving, or (2) has such an incomplete understanding of the charge that the plea cannot stand as an intelligent admission of guilt. Henderson v. Morgan, 426 U.S. 637, 645 (1976).

For reasons previously stated by the Court, Mr. Yarde's Nolo Contendere plea is invalid. Furthermore, this offense took place in Maryland. Under Maryland law, Rule 4-242,

> "The court may accept the plea only after it determines, upon an examination of the defendant on the record in open court conducted by the court, the State's Attorney, the attorney for the defendant, or any combination thereof, that the

7

defendant is pleading voluntarily with understanding of the nature of the charge and the consequences of the plea…Following the acceptance of a plea of Nolo Contendere, the court shall proceed to disposition as on a plea of guilty."[10]

In this case, the Government claims that in the sentencing hearing transcript on June 29th, 2006, Mr. Yarde with regard to the Nolo Contendere plea in Maryland, "pled no contest to the factual proffer by the state."  This is inaccurate.  Mr. Yarde was never asked by the Judge if he plead nolo contendre to the factual proffer.  At no point in the plea transcript did Mr. Yarde enter a plea of Nolo Contendere or agree to the statement of facts in the plea.  This demonstrates that the Judge failed to ask questions sufficient to satisfy a Rule 11 colloquy and to determine whether Mr. Yarde understood the nature of the Nolo Contendere plea.  Therefore, the plea of Nolo Contendere was not voluntarily and knowingly entered into, and is thus invalid.

The circumstances in this case overwhelmingly demonstrate that Mr. Yarde did not plead voluntarily with an understanding of the nature of the plea and its consequences.  As a result, Mr. Yarde's plea of Nolo Contendere is invalid and should not count as a conviction against Mr. Yarde.

II.   MR. YARDE IS ENTITLED TO A DOWNWARD DEPARTURE UNDER 4A1.3 BECAUSE HIS CRIMINAL HISTORY CATEGORY SIGNIFICANTLY OVER-REPRESENTS THE SERIOUSNESS OF MR. YARDE'S CRIMINAL HISTORY.

Under United States v. Booker, 125 S. Ct. 738 (2005), the Court has the authority to depart from the applicable guideline range.  In addition, under U.S.S.G. §4A1.3,

"if reliable information indicates that the criminal history category

---

[10] In Maryland, an entry of a plea of Nolo Contendere is not a conviction and the entry of a plea of guilty is a conviction, this is the only material distinction between the two pleas.  Otherwise, the effect of the entry of each plea is the same. Fontana v. State, 42 Md. App. 203, 399, A.2d 950, cert. denied, 285 Md. 729 (1979).

8

    does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes, the court may consider imposing a sentence departing from the otherwise applicable guideline range."[11]

An overstatement of a defendant's criminal history is a circumstance that may warrant a downward departure from the guidelines.[12]

    In <u>United States v. Clark</u>, 303 U.S. App. D.C. 435 (D.C. Cir. 1993), a sentencing court found the Career Offender provisions overrepresented the defendant's criminal history. The Court stated, "It is not arbitrary or capricious to base the defendant's sentence on the criminal history category and offense level that would have been applicable absent the Career Offender increases." *See also* <u>United States v. Shoupe</u>, 35 F. 3d 835, 839 (3rd Cir. 1994)(Where defendant's offense level has been changed by the Career Offender status, a sentencing court may depart downward in both criminal history and offense level categories under 4A1.3); <u>United States v. Reyes</u>, 8 F.3d 1379 (9th Cir. 1993)(Court disregarded Career Offender enhancement and departed downward in both the criminal history and offense level categories).

    The D.C. Court of Appeals stated in <u>United States v. Joaquin</u>, 326 F.3d 1287 (D.C. Cir. 2003), that a defendant is entitled to a downward departure where his criminal history category significantly overrepresented the seriousness of his criminal history. In Joaquin Id., the defendant had an automatic criminal history of IV because of his past record, which was significantly worse than Mr. Yarde's criminal history.[13] In addition,

---

[11] The same reasoning applies if the defendant's criminal history score is significantly over-representing the seriousness of past conduct, the guideline notes that a court could conclude that Category II over-represents the criminal history of a "defendant with two minor misdemeanor convictions close to ten years prior to the instant offense and not other evidence of prior criminal behavior in the intervening period. See Commentary to U.S.S.G. §4A1.3

[12] *See* U.S.S.G. §4A1.3

[13] PSI, page 9, paragraph 32, Mr. Yarde's criminal history category is II, counting both the 1994 and 1996 pleas.

the Court stated that a single criminal history point which was assigned to the defendant because of an offense which was committed almost ten years ago, should be disregarded by the Court. *See also* United States v. Moore, 209 F. Supp. 2d 180, 184, 185 (D.C. 2002)(Defendant entitled to a downward departure because his Career Offender status would over-represent his criminal history where there was four years between the commission of the previous offenses and the instant offense, he had no intervening arrests, and Career Offender status would increase his exposure under the guidelines by approximately 100%). Mr. Yarde's convictions are 10 and 12 years old and in the past 10 years, Mr. Yarde has maintained a steady job. In addition, since the Court has already ruled that the 1996 nolo plea does not count as a conviction, Mr. Yarde's criminal history is not underrepresented.[14]

In the present case, Mr. Yarde's nolo contendre plea in Maryland should not count as a conviction against him, thereby terminating Mr. Yarde's Career Offender status under the United States Sentencing Guidelines. More than ten years has elapsed between the commission of the previous offenses and the offense in this case. In addition, Mr. Yarde would be facing an additional 11 years of exposure of incarceration under the guidelines if his nolo contendre plea is counted as a conviction. Since more than 10 years have elapsed between the commission of this offense and the previous offenses, the nolo contedre plea is invalid, and the significant increase in incarceration exposure Mr. Yarde would be facing as a result of the previous offenses and classification as a Career Offender, Mr. Yarde's criminal history category significantly over-represents the seriousness of his criminal history. Therefore, Mr. Yarde should not

---

[14] Counsel also submits that under §4A1.3 the 1994 conviction should not count since it was more than 12 years ago.

10

be classified as a Career Offender and is entitled to a downward departure under United States Sentencing Guidelines Section §4A1.3.

Respectfully submitted,

_____/s/_____
BERNARD S. GRIMM